(134 App. Div. 540.)

### TOWNSEND v. MEYERS.

(Supreme Court, Appellate Division, First Department. November 19, 1909.)

1. ACCOUNT STATED (§ 12*)—FALSIFYING—FRAUD OR MISTAKE.

   An account stated may not be impeached, except for fraud or mistake.

   [Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 73–76; Dec. Dig. § 12.*]

2. ACCOUNT STATED (§ 13*)—VACATING AND SETTING ASIDE—PLEADING.

   In an action to set aside an account stated and for an accounting, where acts are set up showing fraud or mistake, an allegation of fraud or mistake is not necessary.

   [Ed. Note.—For other cases, see Account Stated, Dec. Dig. § 13.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** ACCOUNT STATED (§ 13*)—VACATING AND SETTING ASIDE—COMPLAINT—SUFFICIENCY.

A complaint alleging that plaintiff and defendant dissolved their law partnership and adjusted their accounts; that a case came into the office during the existence of the partnership, and defendant received a certain sum in settlement thereof, and retained a certain part thereof for himself without disclosure to plaintiff, and without mentioning the same in the accounts adjusted; that plaintiff did not discover the transaction until some years after the dissolution, and then only through court proceedings, wherein defendant was compelled to pay to his client a part of the sum retained by him—alleged facts indicating fraud on defendant's part and mistake on plaintiff's part, and stated a cause of action, though fraud and mistake were not alleged in words.

[Ed. Note.—For other cases, see Account Stated, Dec. Dig. § 13.*]

Appeal from Special Term, New York County.

Action by Robert Townsend against Sidney S. Meyers. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

Cambridge Livingston (Clarence Blair Mitchell, of counsel), for appellant.

Samuel Bitterman (Edward W. S. Johnston, of counsel), for respondent.

CLARKE, J. This is an appeal from a judgment entered on a dismissal of the complaint at the opening of the trial, upon the ground that it did not state facts sufficient to constitute a cause of action. The complaint alleges that on or about the 1st day of January, 1902, to on or about the 16th day of September, 1902, plaintiff and defendant were copartners in the practice of the law; that under the copartnership agreement plaintiff and defendant were interested financially in all business which came to their said office in the proportion of each to take one-half; that the plaintiff was then an assistant district attorney, and that most of his time was passed in the performance of his official duties, and that at all times hereinbefore mentioned the defendant was engaged in managing the office of the said copartnership, and had charge of all the books and accounts; that on the 16th of September, 1902, the said copartnership was dissolved, and adjustment of accounts was had between the parties; that on said adjustment no mention was made by defendant of a certain action in which Strange was plaintiff and certain railroads were defendants, in which Meyers appeared as the attorney for said Strange; that the said action was brought as the result of injuries received in an accident on the 8th of January, 1902, during the aforesaid copartnership; that the defendant received as attorney for said Strange the sum of $10,500 on May 22, 1902; and that, after proceedings against him in court to compel payment to his client (set up in extenso), defendant finally was allowed to retain $4,150 as counsel fee. The complaint alleges that the plaintiff's first knowledge of said action was on the 20th of March, 1906, when he was informed of this summary proceeding against the

defendant as attorney, and plaintiff alleges that he has requested of the defendant a statement and account of the aforesaid copartnership transaction, which the defendant refused to give, and demands judgment that an account be taken of said copartnership transaction.

The general proposition that an account stated may not be impeached, except for fraud or mistake, is well settled. The respondent claims that, the complaint having set up an adjustment of accounts and not having in words alleged fraud or mistake, the dismissal thereof was correct. Characterizing conduct by words of opprobrium is not necessary, when the acts themselves are set up. If those acts necessarily lead to a certain conclusion, that conclusion, especially on a motion, which is like a demurrer, should be drawn by the court, and it is not necessary that it should be set up by the pleader.

If the Strange case did come into the office during the existence of the partnership, and if defendant did receive $10,500 in settlement thereof during said period, of which he finally retained $4,150 for himself, and if he appeared in the case in his own name and did not disclose it to his partner, and made no mention thereof in the accounts adjusted, which he submitted, he having entire control of the books and papers, and these facts were not discovered for some years thereafter, and then only as a result of proceedings in court under which defendant was compelled to pay over to his client a portion of that which he had retained for his own use, it seems to me that all the necessary facts are alleged which indicate fraud by the defendant, and a mistake on the part of the plaintiff in agreeing to the adjustment of accounts, which in no way covered that item. It follows that the account is impeached upon the grounds allowed by law, and therefore facts sufficient to constitute a cause of action are alleged in the complaint, and the dismissal thereof was error.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.